914 F.2d 248
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James P. HALL, Jr., Pamela Hall, Plaintiffs-Appellants,
v.
HARFORD COUNTY, MARYLAND, Defendant-Appellee,
and
Oriole Homes Corporation of Maryland, the Shenk Corporation,
Morris & Ritchie Associates, Inc., Defendants.
 No. 89-1003.
 United States Court of Appeals, Fourth Circuit.
 Argued July 26, 1990.
Decided Sept. 10, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-88-2495-R)
 Dean Kasian, Goldstein, Weltchek & Associates, Baltimore, Maryland, (argued), for appellants; Bertram M. Goldstein, Robert J. Weltchek, Goldstein, Weltchek & Associates, Baltimore, Maryland, on brief.
 Victor Kuras Butanis, County Attorney, Harford County Department of Law, Bel Air, Maryland (argued), for Appellee; Jefferson L. Blomquist, Assistant County Attorney, Harford County Department of Law, Bel Air, Maryland, on brief.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a tort action by the appellants to recover for injuries suffered by the appellant Hall while working as an employee of Har-Ce Construction Company in connection with the installation of sewer, drainage, and water systems under a subcontract with Oriole Homes, a developer constructing a complex of private homes on property located in Harford County, Maryland. Hall was injured when he had entered a trench which collapsed on him, causing him serious damage. The appellant has sued Harford County, a Maryland governmental unit, among others, in negligence, contending his injuries were caused by the failure of the County to enforce its safety codes and standard construction specifications as well as to conduct a proper inspection and supervision of the project.* The County filed a motion to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6). The district court, after a full briefing of the issues, granted the motion, finding the County immune from liability in the case. The appellants have appealed that decision.
 
 
 2
 In its opinion dismissing the action against the County, the district court, after stating the proper standard to be applied in ruling on motions to dismiss under Rule 12(b)(6), reviewed thoroughly the law of Maryland, which was controlling in this diversity suit, and concluded that there was no "state of facts which could be proved in support of the [appellant's] claim." In support of this conclusion, he relied on the law of Maryland that, while a county does not enjoy general immunity from liability as does the state, it does have immunity when engaged in "governmental, as distinct from proprietary[,] functions and that the acts of the County in issuing construction permits and in supervising and inspecting construction sites is a governmental function." It accordingly held that the County was entitled to immunity here and dismissed the action. We affirm on the convincing opinion of the district court.
 
 
 3
 AFFIRMED.
 
 
 
 *
 There are a number of other defendants. This appeal is concerned only with the appellants' action against the County